**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR   4 1998 ᶜᵏ

DAVID J. MALAND, CLERK

BY
DEPUTY _Carolyn Kelley_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RALPH W. COON, BRENT C. COON, | § | |
| GLORIA K. COON, SHANNON K. NINI | § | |
| JOHN C. COON, and | § | |
| DALLUM-HARTLEY COUNTIES | § | |
| HOSPITAL DISTRICT | § | |
| | § | **9198CV⁘ 63** |
| V. | § | CIVIL ACTION NO. 98-_____ |
| | § | |
| NATURAL GAS PIPELINE COMPANY | § | *JURY DEMAND* |
| OF AMERICA, MIDCON GAS SERVICES | § | |
| CORP., MC PANHANDLE, INC. | § | |
| and OXY USA, INC. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW RALPH W. COON, BRENT C. COON, GLORIA K. COON, SHANNON

K. NINI, and JOHN C. COON in their individual capacities and also in their capacities as

successors-in-interest to W. H. COON, and DALLUM-HARTLEY COUNTIES HOSPITAL

DISTRICT, Plaintiffs, who assert the following for cause of action against NATURAL GAS

PIPELINE COMPANY OF AMERICA, MIDCON GAS SERVICES CORP., MC

PANHANDLE, INC. and OXY USA, INC., Defendants:

## PARTIES

1.    Plaintiff **RALPH W. COON** is a resident of Potter County, Texas.  Plaintiffs

**BRENT C. COON and DALLUM-HARTLEY COUNTIES HOSPITAL DISTRICT** are

residents of Moore County, Texas.  Plaintiffs **JOHN C. COON** and **GLORIA K. COON** are

residents of Randall County, Texas.  Plaintiff **SHANNON K. NINI** is a resident of Harris County,

Texas.

C:\EJW\NINI\COMPLNT.

2.      Defendants, **NATURAL GAS PIPELINE COMPANY OF AMERICA** (hereinafter sometimes referred to as "NGPL"), **MIDCON GAS SERVICES CORP.** (hereinafter sometimes referred to as "Midcon"), **MC PANHANDLE, INC.** (hereinafter sometimes referred to as "MC") **and OXY USA, INC.** (hereinafter sometimes referred to as "OXY"), are Delaware corporations doing business in the State of Texas.  Service may be had on each of the Defendants by serving Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas, 78701.

## JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $100,000.

## VENUE

4.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(a) and (c).  Defendants NGPL and Midcon both maintain offices in Lufkin, Texas and are therefore residents of this judicial district. Defendants MC and OXY are residents of this state.

## FACTS

5.      Plaintiffs are the owners of minerals under various tracts of land in Moore County, Texas, which may be generally, more or less, described in the leases attached hereto and incorporated herein as exhibits "1," "2," and "3."

6.      On or about January 8, 1926, Plaintiffs' predecessor-in-interest, R.S. Coon, executed the oil and gas mining leases attached hereto  in favor of Magnolia Petroleum Company.  These leases are recorded in the Deed Records of Moore County, Texas.  After January 8, 1926, wells capable of producing oil and/or gas in paying quantities were drilled on the properties.

7.    Since 1926, NGPC, Midcon, MC, OXY and/or their predecessor's in interests have enjoyed the status of lessees under the attached leases.  Certain consolidation agreements have been executed since 1926, but the status of the Defendants has remained the same.

8.    Defendants, NGPC, Midcon, MC, OXY and/or their predecessor's in interests have been and currently are bound and obligated by all of the terms, conditions and covenants, express or implied, contained in the attached leases.  Each of the Defendants has been and/or currently is subject to the implied covenants imposed upon operators of oil and gas wells.

9.    Defendants NGPC, Midcon, MC and OXY and/or their predecessors-in-interests have claimed possession of the leased premises' through the subject leases at all times from January 8, 1926 through the present time.  At various times from first production through February 1998, there has been no production by Defendants of gas or other minerals in paying quantities from the leased premises sufficient to hold the leases; as a result, the subject lease(s) has(have) terminated.

10.    In their capacities as operators, Defendants have been obligated to develop the leased premises, to protect the leasehold against drainage and to manage and administer the leases. Defendants have breached each of the described obligations.

11.    The leases which are attached hereto and to which  Defendants have enjoyed the status as lessee's include, but are not limited to, mineral interests in the Panhandle West Gas Field, a gigantic gas field which extends way beyond the fence-lines of the leased properties.  While other mineral interest lessees in the Panhandle West Gas Field have made substantial and significant efforts to develop the gas from the Panhandle West Gas Field, Defendants have failed to develop the leased premises described in the attached leases in a reasonable and prudent manner.  For example, Defendants have failed to drill any horizontal wells on the leased premises even though that technique is widely known as an effective means by which to significantly develop and produce oil

C:\EJW\NINI\COMPLNT.

and gas zones such as the Panhandle West Gas Field.  Similarly, Defendants have failed to take reasonable and prudent measures to work over the existing wells in an effort to develop the leased premises and to protect the leasehold against drainage.

12.    The leases which are attached hereto and to which  Defendants have enjoyed the status as lessee's also include, but are not limited to, mineral interests in the Red Cave Formation and the Granite Wash Formation.  Notwithstanding these interests and corresponding obligations, Defendants have failed to take reasonable efforts to produce the Red Cave Formation and the Granite Wash Formation.  In the meantime, surrounding mineral interests owners and operators have substantially developed both zones, all to the detriment of Plaintiffs rights and interests.

13.    Defendants have been subject to an implied obligation to reasonably develop the leased premises and to market the production in the most prudent manner possible.  Upon information and belief, Defendants have not only failed to reasonably develop the leased premises, but Defendants have also willfully, intentionally, and with deceitful intent failed to market the production in the most prudent manner possible.  Instead, and upon information and belief, Defendants have sold the oil and gas produced from the leased premises to subsidiary and/or affiliated entities for an artificially low price in an effort to profit from difference in correspondingly lower royalty payments and higher actual prices for the oil and gas produced.

14.    Defendants have also been obligated to pay all the occupation, production, severance or other excise tax up to and including three per cent (3%) of the market value of the gas produced from the leased premises.  Moreover, deductions for taxes from the royalty interest of Plaintiffs is not to occur until an amount equal to three per cent (3%) of the market value of the produced gas has been paid in taxes by Defendants.  Upon information and belief, Defendants have deducted a full one eighth (1/8) of taxes from royalty payments to the Plaintiffs without first reducing the taxes by an

C:\EJW\NIN\COMPLNT.

amount equal to three per cent (3%) of the market value of the produced gas. Plaintiffs have been damaged as a result of this breach by the Defendants in an amount equal to the difference between what the deduction for taxes has been and what the deduction should have been following reduction of the taxes by an amount equal to three per cent (3%) of the gas produced.

## CAUSES OF ACTION

### Breach of Contract

15. The cessations described above are an express breach of the terms of the lease agreements, and such breach terminates the lease as to both Plaintiffs and Defendants according to the terms, conditions and provisions thereof.

16. Alternatively, Plaintiffs allege that the lease described above has terminated by its own terms due to Defendants' failure to produce gas or other hydrocarbons from the subject acreage in paying quantities. Mere production from a well is not production in paying quantities. At various times from first production through February of 1998, there has not been production in paying quantities.

17. The acts and omissions described in Paragraph 14 also constitute a breach of contract for which Plaintiffs hereby seek recovery of all damages to which they are entitled, including the difference between what the deduction for taxes has been and what the deduction should have been following reduction of the taxes by an amount equal to three per cent (3%) of the gas produced.

### Declaratory Judgment

18. Because the leases constitute a cloud on the Plaintiffs' mineral interests, Plaintiffs request a judicial decree that the aforesaid oil and gas leases have terminated and that Plaintiffs' mineral interest is declared free and clear of the leasehold encumbrance.

C:\EJW\NINI\COMPLNT.

-5-

19.    Defendants' breach of the leases has resulted in damages to the Plaintiffs in excess of the minimum jurisdictional limits of the Court.

***Conversion***

20.    Because Defendants have asserted dominion and control over oil and gas to which they have no legal interest, Defendants have converted gas from said properties to Plaintiffs' special damage in a sum in excess of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($100,000.00) through February, 1998, plus the gross value of all production thereafter.  Plaintiffs seek recovery for the entire amount of production since the expiration of the leases.

***Breach of Implied Covenants to Prevent Drainage, Develop the Leases and Market Production From the Wells***

21.    Plaintiffs allege upon information and belief that Defendants NGPC, Midcon, MC and/or OXY are or have been the operators of the leases described above.  Plaintiffs further allege that Defendants NGPC, Midcon, MC and/or OXY acquired the leases by assignment and are subject to all of the obligations and liabilities of their predecessors and assignors who owned and operated the leases.

22.    As lessee and operator of the subject property, Defendants, NGPC, Midcon, MC and/or OXY, and their predecessors-in-interest had and have the obligation to prevent drainage, develop the leases and market production from the wells.  The subject property has been drained and continues to be drained in significant amounts from all zones, including, but not limited to, the Panhandle West Field, the Red Cave Formation and the Granite Wash Formation.  NGPC, Midcon, MC and/or OXY and their predecessors-in-interest have failed to develop the leases and protect the subject property against drainage by neighboring wells and therefore breached the implied covenants

C:\EJW\NINI\COMPLNT.

-6-

to develop the leases and prevent damage. As a result, Plaintiffs have suffered damages in excess of $100,000.00.

23.    Accordingly, Plaintiffs seek both actual and exemplary damages against Defendants, NGPC, Midcon, MC and/or OXY for breach of the covenant to prevent drainage. Plaintiffs would show that a reasonably prudent operator would have maximized production of the properties in controversy which would have resulted in additional production and reduced drainage. Moreover, a reasonably prudent operator would have drilled additional wells or worked over existing wells to increase production and prevent drainage to neighboring landowners.

24.    As lessee and operators of the subject properties, Defendants, NGPC, Midcon, MC and/or OXY have had the obligation to market production from the subject properties. As a part of the implied covenant to reasonably market production, they have been obligated to maximize production and develop the properties, including, but not limited to, cleaning out the wells on a regular basis, checking for fluid in the holes on a regular basis, removing fluid, treating the wells with acid and fracturing the wells, preventing collapse of the formations, cleaning out emulsions, and other actions to improve and maximize production and to market the additional production in accordance with the standard of a reasonably prudent operator, as well as to protect the property against drainage.

25.    Lessees have been obligated to promptly pay a royalty to Plaintiffs out of all production and all proceeds of production attributable to the subject property, and they have failed to reasonably develop and maximize production from the property, removing the accumulated fluid and debris from the hole, acidizing and fracturing the well and reasonably marketing production from the subject property. Each operator of the lease in which Plaintiffs have an interest has at all times had the ability, by exercising reasonable diligence, to maximize production and market the

-7-

C:\EJW\NIN\COMPLNT.

production from the well located on the subject property.  As a result of the failures to market, Plaintiffs have suffered damages in excess of the minimum jurisdictional limits of the Court.  These damages are in addition to the damages suffered by reason of drainage.

***Fraud and Fraudulent Inducement***

26.    Plaintiffs further assert a cause of action against the Defendants for fraud and fraudulent inducement.  Upon information and belief, Plaintiffs assert that Defendants sold the oil and gas produced from the subject property to an entity corporately and closely related to Defendants for an artificially low price.  Thereafter, the corporately-related entity sold the oil and gas for at least fair market value to another purchaser which, in turn, took delivery of or arranged distribution of the oil and gas produced from the subject property.  This scheme was committed to intentionally avoid paying Plaintiffs and/or their predecessors in interest the fair royalty to which they were and are entitled.  As a result, the royalties paid to the Plaintiffs and/or their predecessors have been artificially low, and Plaintiffs hereby seek damages in the amount of the difference between the artificially low prices and the fair market value of the oil and/or gas which was sold.  Additionally, Plaintiffs seek to recover all penalties and interest to which they are legally entitled on the damages sought under this cause of action.

***Attorneys Fees, Costs and Interest***

27.    Plaintiffs assert a cause of action for reasonable and necessary attorneys fees incurred in the prosecution of one or more causes of action set out above pursuant to Chapters 37 and 38 of the Texas Civil Practice and Remedies Code, as well as the Texas Deceptive Trade Practices Act.

28.    Plaintiffs also seek recovery of Court costs, prejudgment and post-judgment interest, and all other relief to which they may show themselves justly entitled.

C:\EJW\NIN\COMPLNT.

-8-

## CONDITIONS PRECEDENT

29.    Plaintiffs have performed all conditions precedent necessary to the recovery of the damages sought in this lawsuit.

## REQUEST FOR JURY TRIAL

30.    Plaintiffs request a jury trial in this cause.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer, and that on final hearing in this cause, Plaintiffs have and recover:

(1)    A decree by the Court that the lease, the subject of this action, terminated automatically by its own terms upon Defendants, cessation of production on the lease, and that Defendants have no further interest in the leased premises;

(2)    A decree by the Court that the lease, the subject of this action, terminated automatically by its own terms upon Defendants' failure to produce the wells in paying quantities;

(3)    In the alternative, a decree by the Court terminating the lease for breach of the covenants described above and all damages to which Plaintiffs show themselves justly entitled as a result of the breached covenants;

(4)    Damages for failure to reasonably develop the leases, market production from the leases, and prevent drainage from the leases;

(5)    Damages for Defendants' fraud and fraudulent inducement, including damages for the artificially low royalty payments which have been based on artificially low sales prices of the oil and gas produced instead of upon fair market value of the oil and/or gas which was sold;

(6)    Damages for conversion of Plaintiffs' oil and gas;

(7)    Costs of suit;

(8)    Attorneys' fees;

(9)    Prejudgment interest and post-judgment interest at the highest rate allowed by law; and

C:\EJW\NINI\COMPLNT.

-9-

(10)    Such other and further relief to which Plaintiffs may show themselves
        justly entitled.

Respectfully submitted,

By:_____
        **CHARLES W. KELLY**
        TBA #11216850

        **Attorney-in-Charge for Plaintiffs**

**OF COUNSEL:**
**KELLY, SUTTER, MOUNT & KENDRICK, P.C.**
**EDWARD J. WESTMORELAND**
TBA #21227900
1600 Smith, Suite 3700
Houston, Texas  77002
Telephone:    (713) 951-7900
Facsimile:    (713) 951-7901

C:\EJW\NINI\COMPLNT

-10-